**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Jay Westenhofer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:26-cv-1535 |
| | ) | |
| Nelson & Frankenberger, LLC, an | ) | |
| Indiana limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jay Westenhofer, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the ger FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts

business here.

**PARTIES**

3.      Plaintiff, Jay Westenhofer ("Westenhofer"), is a citizen of the State of

Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to

collect a defaulted consumer debt which he allegedly owed to FORUM Credit Union.

4.      Defendant, Nelson & Frankenberger, LLC ("Nelson"), is an Indiana limited

liability company and law firm, that acts as a debt collector, as defined by § 1692a of the

1

FDCPA, because it regularly uses the U.S. Mail and/or lawsuits to collect, or attempt to collect, defaulted consumer debts that it did not originate. Nelson operates a defaulted debt collection business and attempts to collect debts from consumers in the State of Indiana.

5.      Defendant Nelson was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

6.      Due to financial difficulties, Mr. Westenhofer was unable to pay his debts, including a defaulted consumer debt (incurred primarily for personal, family or household purposes) that he allegedly owed to Forum Credit Union. At some point in time after the debt went into default, Defendant Nelson filed a lawsuit against him to collect that debt in a matter styled, Forum Credit Union v. Jay P. Westenhofer, No. 49D03-2508-CC-036489 (Marion County, Indiana)(the "State Court Lawsuit").

7.      Defendant obtained a judgment against Mr. Westenhofer in the State Court Lawsuit and filed a Motion for Proceedings Supplemental, which froze his Chase Bank account. A copy of the Garnishment Summons, Notice to Financial Institution of Garnishment Proceedings, and Order to Answer Interrogatories is attached as Exhibit A.

8.      In response to his debt issues and the debt that Defendant was attempting to collect, Mr. Westenhofer filed a Chapter 7 Bankruptcy petition on March 10, 2026, in a matter styled In re: Westenhofer, S.D.Ind.Bankr. No. 26-01275-JMC-7. Accordingly, Defendant was sent notice of the bankruptcy by the Bankruptcy Noticing Center, via

2

electronic transmission, on March 12, 2026, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, which is attached as Exhibit B.

9.     Although Defendant filed a Motion to Dismiss the hearing on Proceedings Supplemental in the State Court Lawsuit, it failed to provide the notice to Mr. Westenhofer's bank (Chase) that the garnishment was over. A copy of the Order Vacating Proceeding Supplemental Hearing is attached as Exhibit C.

10.     On June 16, 2026, Mr. Westenhofer received a discharge of his debts, including the Forum Credit Union debt, and Defendant Nelson was sent notice of the discharge, via electronic transmission, on June 16, 2026, by the Bankruptcy Noticing Center, see, Certification of Service to the Order of Discharge, attached as Exhibit D.

11.     To date, Defendant has failed to notify Chase Bank to stop the garnishment, and Mr. Westenhofer's Chase account remains frozen and inaccessible.

12.     As a result of the Defendant's collection actions, Mr. Westenhofer has been deprived of the use of about $700 in his Chase Bank account. Moreover, Mr. Westenhofer had to take his time and expend the effort and expense (about $270), to have his attorneys write a letter to Defendant, demanding that it notify Chase Bank that the garnishment has been cancelled. A copy of this letter is attached as Exhibit E.

13.     In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive, deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

See, 15 U.S.C. § 1692(a)(Abusive Practices)(emphasis added).

3

14.     To achieve those ends, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e; § 1692e of the FDCPA is rooted in the basic common law principle of fraud. Moreover, § 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f, while § 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d. Continuing to garnish Plaintiff's bank account regarding a judgment for a debt which was included in, and later discharged in, a bankruptcy, is fraudulent, unfair, unconscionable, harassing, oppressive and abusive, and invaded Mr. Westenhofer's privacy/right to be left alone about the debt at issue.

15.     Defendant's continued collection actions of a debt, after having been notified that the debt was included in Mr. Westenhofer's bankruptcy, caused him to act to his detriment, by forcing him to expend time, effort and expense to try to stop Nelson's collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

16.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Taking An Action That Could Not Be Legally Taken**
**And False Representations**

17.     Plaintiff adopts and realleges ¶¶ 1-16.

4

18.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as taking of any actions that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

19.     By failing to stop the freeze/garnishment of Mr. Westenhofer's Chase Bank account, Defendant has used false and/or deceptive or misleading means in its collection efforts, and has falsely represented the legal status of a debt, all in violation of § 1692e of the FDCPA, see, 15 U.S.C. §1692e.

20.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA –**
**Unfair Or Unconscionable Collection Actions**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23.     By failing to stop the freeze/garnishment of Mr. Westenhofer's Chase Bank account, Defendant has used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

24.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

25.    Plaintiff adopts and realleges ¶¶ 1-16.

26.    Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

27.    By failing to stop the garnishment/freeze of Mr. Westenhofer's Chase bank account, Defendant has engaged in conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

28.    Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Jay Westenhofer, prays that this Court:

1.    Find that Defendant's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Westenhofer, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jay Westenhofer, demands trial by jury.

Jay Westenhofer,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 22, 2026

David J. Philipps　　(Ill. Bar No. 06196285)
Mary E. Philipps　　(Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Westenhofer Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp　(Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com